UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Ernesto Hernandez,

                            Plaintiff,

               -against-

MPCC Corp., Joseph Urbinati, Jr., Brian (LNU),

                          Defendants.
------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

## NATURE OF ACTION

1. Plaintiff brings this action to recover unpaid wages, unpaid pension and annuity benefits, liquidated damages, reasonable attorney fees and costs from the Defendants, for whom the Plaintiff performed work.

2. Plaintiff was a general laborer employed in the Defendants' construction company. The Defendants were bound to a collective bargaining agreement ("CBA") with Local 235 of the Laborers' International Union (the "Union"), which was the Plaintiff's exclusive collective bargaining representative while employed by Defendants. Plaintiff was a bargaining unit employee covered by the terms and conditions of the CBA, which required that the Defendants make monetary contributions to certain pension, annuity and other benefit funds "Benefit Funds" for the benefit of the Plaintiff based on the hours worked by the Plaintiff and pay the Plaintiff a certain hourly rate of pay for all time worked for Defendants.

3. For a time prior to filing this Complaint, the Defendants willfully committed violations of 29 U.S.C §201 et. seq., (the "Fair Labor Standards Act" or "FLSA"), the New York Labor Law ("NYLL"), and breached the CBA by failing to pay the Plaintiff the rate of one-and-one-half times its regular rate of pay for hours worked in excess of 40 hours in a workweek and failing to pay Plaintiff for all hours worked, including overtime hours; and breached a collective bargaining agreement and violated 29 U.S.C § 1145 (the "Employee Retirement Income Security Act" or "ERISA") by failing to make fringe benefits contributions as detailed in this Complaint.

4. The Defendants also breached the CBA by their failure to make the payments toward the "Benefit Funds" by not crediting all hours worked by the Plaintiff and remitting contributions to the Benefit Funds based on those unaccounted hours.

5. Defendants also breached their fiduciary duties to Plaintiff and the Benefit Funds by failing to remit contributions on behalf of the Plaintiff. On information and belief, the unpaid Benefit Fund contributions were Benefit Plan assets over which the Defendants exercised sole and full control.

6. Furthermore, the Union breached its duty of fair representation to the Plaintiff by not educating Plaintiff about the contractual benefits of the CBA, not providing Plaintiff with a copy of the CBA until after his employment was terminated, by perfunctorily and arbitrarily performing its duties by refusing to process the Plaintiff's grievance concerning the unpaid hours and benefits payment without taking any action to investigate the Defendants conduct

identified in this Complaint. Plaintiff went to the Union for assistance and he was immediately told that the Union would not process or investigate his grievance for the unaccounted-for hours. The Union did not investigate the allegations and refused to process a grievance on Plaintiff's behalf. Until Plaintiff filed charges with the National Labor Relations Board and informed the Union that Plaintiff secured private counsel, did the Union then attempt to address Plaintiff's grievances.

## JURISDICTION AND VENUE

7. This action arises under 29 U.S.C §201 et. seq., (the "Fair Labor Standards Act" or "FLSA"), 29 U.S.C § 151 et. seq. (the "National Labor Relations Act" or "NLRA"), and 29 U.S.C § 1001 et. seq. (the "Employee Retirement Income Security Act" or "ERISA").

8. This Court has jurisdiction under 28 U.S.C. §1331, 29 U.S.C §185, 29 U.S.C. § 216, and 29 U.S.C §1132. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367.

9. Venue is proper in the Southern District of New York under 28 U.S.C. §1391 because the Defendants conduct business there and the cause of action arose there.

## THE PARTIES

10. Plaintiff ERNESTO HERNANDEZ ("Ernesto") resides in New Rochelle, New York.

11. Upon information and belief, Defendant MPCC CORP. ("Corporate Defendant") is a corporation formed in the State of New York and is located at 81 Rockdale Avenue, New Rochelle, N.Y, 10801.

12. Upon information and belief, Defendant JOSEPH URBINATI, JR. ("Urbinati Jr.") is the owner of Corporate Defendant with his principal place of business located at Corporate Defendant, and is domiciled in the State of New York.

13. Upon information and belief, Defendant BRIAN (LNU) ("Brian") is the General Manager of Corporate Defendant with his principal place of business located at Corporate Defendant, and is domiciled in the State of New York.

## BACKGROUND FACTS

14. Corporate Defendant is an "employer" under the FLSA.

15. Corporate Defendant is an "employer" under the NYLL.

16. Upon information and belief, Corporate Defendant is owned, in whole or in part, by Urbinati Jr..

17. Upon information and belief, Corporate Defendant is owned, in whole or in part, by Brian.

18. During any period of time whatsoever between January 1, 2014 through December 5, 2016, Corporate Defendant had the ability to perform one or more of the following actions: (1) hire certain employees of Corporate Defendant, (2) terminate the employment of certain employees of Corporate Defendant, (3) set the wage rates of certain employees of Corporate Defendant, (4) maintain payroll records for certain employees of Corporate Defendant, or (5) institute work rules for certain employees of Corporate Defendant.

19. During any period of time whatsoever between January 1, 2014 through December 5, 2016, Defendant Urbinati Jr. had the ability to perform one or more of the following actions: (1) hire certain employees of Corporate Defendant, (2) terminate the employment of certain employees of Corporate Defendant, (3) set the wage rates of certain employees of Corporate Defendant, (4) maintain payroll records for certain employees of Corporate Defendant, or (5) institute work rules for certain employees of Corporate Defendant.

20. During any period of time whatsoever between January 1, 2014 through December 5, 2016, Defendant Brian had the ability to perform one or more of the following actions: (1) hire certain employees of Corporate Defendant, (2) terminate the employment of certain employees of Corporate Defendant, (3) set the wage rates of certain employees of Corporate Defendant, (4) maintain payroll records for certain employees of Corporate Defendant, or (5) institute work rules for certain employees of Corporate Defendant.

21. Corporate Defendant is involved in an industry affecting commerce within the meaning of the FLSA.

22. Corporate Defendant's annual revenues exceed $500,000 for the years 2016, 2015, and 2014.

23. The business activities of the Corporate Defendant is related and performed through unified operation or common control for a common business purpose and constitutes an enterprise within the meaning of the FLSA.

24. Corporate Defendant failed to keep accurate and sufficient payroll and time records, as required by law.

25. Corporate Defendant did not maintain sufficient payroll and time records to determine the weekly pay and hours worked by the Plaintiff.

**PLAINTIFF** ERNESTO HERNANDEZ**:**

26. Plaintiff Ernesto started working for Corporate Defendant in March 2014.

27. Plaintiff, Ernesto performed work for Corporate Defendant during the 2016 calendar year.

28. Plaintiff Ernesto, performed work for Corporate Defendant during the 2015 calendar year.

29. Plaintiff Ernesto, performed work for Corporate Defendant during the 2014 calendar year.

30. Plaintiff Ernesto, individually engaged in interstate commerce within the meaning of the FLSA by regularly using the instrumentalities of interstate commerce to perform Plaintiff's work, which was directly essential to Corporate Defendant's business, including working in locations outside the state of new york and working with construction equipment and materials that were purchased outside the State of New York.

31. Corporate Defendant paid Plaintiff Ernesto by the hour.

32. Corporate Defendant paid Plaintiff Ernesto by check.

33. Plaintiff Ernesto, regularly worked more than 40 hours in a workweek while employed by Corporate Defendant.

34. Corporate Defendant regularly did not pay Plaintiff Ernesto an overtime premium for hours

    worked over 40 in a workweek.

35. Plaintiff Ernesto was not exempt from the FLSA while working for Corporate Defendant.

36. Plaintiff Ernesto was a covered employee within the meaning of the FLSA and NYLL while working for Corporate Defendant.

37. The Defendants did not pay Plaintiff Ernesto all wages owed.

38. The Corporate Defendant and Local Union 235 of the Laborer's International Union (the "Union") were bound by a collective bargaining agreement ("CBA").

39. Plaintiff was a member of the Union while employed by the Defendants.

40. The CBA required the Corporate Defendant to remit on behalf of the Plaintiff monetary contributions to a Taft Hartley Multi Employer Pension Fund based on the number of hours the Plaintiff worked for the Defendants.

41. The CBA required the Corporate Defendant to remit on behalf of the Plaintiff monetary contributions to an Annuity Fund based on the number of hours the Plaintiff worked for the Defendants.

42. On information and belief, the Corporate Defendant was required to remit monetary contributions to other benefit funds on behalf of the Plaintiff based on the number of hours the Plaintiff worked for the Corporate Defendant.

43. The Corporate Defendant did not make all the monetary contributions to the various benefits funds described in this Complaint because the Corporate Defendant did not credit Plaintiff for all hours worked for Defendants.

44. On information and belief, the Defendants exercise sole control of the Benefit Plan assets described herein.

45. On information and belief, the CBA and related Benefit Plan documents identify the Defendants monetary contributions to the Benefit Plans as plan assets before such contributions are made.

46. On information and belief, the Defendants are fiduciaries of the Benefit Plans, Benefit Plan assets and of the monetary contributions owed on behalf of Plaintiff as described herein.

47. The Plaintiff was not provided with a copy of the CBA until October of 2016.

48. The Plaintiff was never informed by the Union or its agents, or the Defendants about the computation of his benefits, to what benefits Plaintiff was entitled or how his wages are to be determined.

49. In or around June 2016, the Plaintiff spoke to his Union representative concerning his unpaid wages and termination from employment.

50. The Union refused to investigate the grievances Plaintiff brought to the Union's attention.

51. The Union refused to process any grievance on behalf of the Plaintiff.

52. The Plaintiff had to file an unfair labor charge against the Union for failure to represent and to hire a private attorney.

53. Only upon the Union learning about the unfair labor charges that the Plaintiff filed against the Union, did the Union offer to process a grievance concerning Plaintiffs termination.

54. The Union never investigated the Plaintiff's allegations of unpaid and unaccounted for work time.

55. By its arbitrary and perfunctory refusal to investigate and process Plaintiff's grievance, the Union breached its duty of fair representation to the Plaintiff.

### AS AND FOR A FIRST CAUSE OF ACTION
### (Failure to pay overtime)
### (Federal)

56. Plaintiff repeats, re-alleges and reincorporates all allegations as though fully set forth herein.

57. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.,* and the supporting federal regulations, apply to Defendants and protect the Plaintiff.

58. Defendants failed to pay Plaintiff overtime wages to which Plaintiff is entitled under the FLSA and the supporting Federal Regulations.

59. As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

60. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint are unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

61. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

### AS AND FOR A SECOND CAUSE OF ACTION
### (Failure to pay overtime)
### (NY STATE)

62. Plaintiff repeats, re-alleges and reincorporates all allegations as though fully set forth herein.

63. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect the Plaintiff.

64. Defendants failed to pay Plaintiff overtime wages to which Plaintiff was entitled under the NYLL and the supporting New York State Department of Labor Regulations.

65. By Defendants' knowing or intentional failure to pay Plaintiff overtime wages for hours worked over 40 hours per workweek, they have willfully violated NYLL Art. 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor Regulations.

66. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover unpaid overtime

wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest from the Defendants.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Failure to pay wages)
### NY Lab. Law §191

67. Plaintiff repeats, re-alleges and reincorporates all allegations as though fully set forth herein.

68. Under NYLL §191, an employer is required to pay an employee within one week of the services performed by the employee.

69. Defendants failed to pay Plaintiff his wages as required by NYLL §191 by not paying his wages within the statutory time-period.

70. Because of Defendants unlawful withholding of wages, Plaintiff suffered harm.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Failure to provide wage notices)
### (NY STATE)

71. Plaintiff repeats, re-alleges and reincorporates all allegations as though fully set forth herein.

72. Pursuant to the Wage Theft Prevention Act, New York Labor Law, §195, Defendants willfully failed to furnish Plaintiff with a required notice containing the following information:

    i. the rates or rates of pay and basis thereof,

    ii. whether paid by the hour, shift, day, week, salary, piece, commission or other allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances;

    iii. the regular pay designated by the employer in accordance with NYLL §191;

    iv. the name of the employer;

    v. Any "doing business as" names used by the employer;

    vi. The physical address of the employer's main office or principal place of business, and a mailing address, if different;

    vii. The telephone number of the employer

73. Defendants willfully failed to furnish Plaintiff with an accurate statement of wages as required by NYLL §195(3), containing the dates of work covered by that payment of wages; name of the employee; name of the employer; address and phone number of employer; rate or rates of pay and basis thereof; whether paid by hour, shift, day, week, salary, piece, commission, or other; gross wages; hour rate or rates of pay, and overtime rates of pay; the number of hours worked, including over time hours; deductions, allowances, and net wages.

74. Due to Defendants' violation of NYLL §195(1), Plaintiff is entitled to recover from

Defendants liquidated damages of $50 per workweek that the violation occurred, up to a maximum of $2,500, reasonable attorney fees, and costs and disbursements of this action, pursuant to NYLL § 198(1-b).

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Breach of contract)

75. Plaintiff repeats, re-alleges and reincorporates all allegations as though fully set forth herein.

76. Plaintiff and Defendants established a contract for services by and through an employer-employee relationship.

77. Plaintiff rendered services to Defendants under this contract.

78. Defendants breached the contract by not paying Plaintiff the money for its services.

79. By Defendants' breach, Plaintiff suffered harm.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Breach of contract)
### 29 U.S.C §185

80. Plaintiff repeats, re-alleges and reincorporates all allegations as though fully set forth herein.

81. Plaintiff was a beneficiary of the CBA to which the Union and the Defendants were bound.

82. Under the CBA, the Defendants had a contractual obligation to remit Benefit Plan Contributions on behalf of Plaintiff.

83. Under the CBA the Plaintiff is entitled to wages for all hours worked.

84. The Union perfunctorily and arbitrarily refused to investigate and process a grievance on behalf of Plaintiff for the violations described herein for unpaid work time and the connected Benefit Plan violations.

85. The Union breached its duty of fair representation.

86. The Plaintiff suffered harm because of the Union and Defendants breach of the CBA.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Breach of Fiduciary Duty)
### 29 U.S.C § 1132(a)(2) & 29 U.S.C § 1109

87. Plaintiff repeats, re-alleges and reincorporates all allegations as though fully set forth herein.

88. The Defendants are Benefit Plan Fiduciaries within the meaning of 29 U.S.C §1002(21)(a) because they exercise authority and control with respect to the management or disposition of the Benefit Plan assets.

89. The Defendants breached their fiduciary duty by failing to remit plan assets to the appropriate Benefit Plans, and by doing so violated 29 U.S.C §1004(a)(1) and its subparts.

90. By the Defendants failing to account for all of Plaintiff's work hours and remitting Benefit Plan payments on behalf of Plaintiff, Defendants breached their fiduciary duties to the Benefit Plans and to Plaintiff.

91. Because of Defendants' breach of fiduciary duty, the Plaintiff suffered harm by not receiving all benefits to which it was entitled.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff seeks the following relief:

A. Unpaid wages, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

B. Unpaid wages pursuant to NYLL Art. 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations, and an additional and equal amount as liquidated damages pursuant to NYLL § 663;

C. Unpaid wages pursuant to NYLL §191 and an additional and equal amount as liquidated damages pursuant to the NYLL.

D. Unpaid wages and fringe benefits contributions as required by the CBA pursuant to 29 U.S.C §185 and NYS common law;

E. Statutory damages for Defendants' notice and recordkeeping violations pursuant to NYLL Art. 6, §§ 190 *et seq.;*

F. Pre-judgment interest and post-judgment interest;

G. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under NYLL Art. 6, §§ 190 *et seq.,* NYLL Art. 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor regulations;

H. An injunction requiring Defendants to pay all statutorily required wages pursuant to the NYLL and an order enjoining Defendants from continuing its unlawful policies and practices as described herein;

I. An Order requiring the Defendants to remit to the Benefit Funds all unpaid contributions;

J. An Order requiring Defendants to pay Plaintiff punitive damages in an amount to be determined by a trier of fact for Defendants' willful, wanton and malicious refusal to make the Benefit Plan contributions.

K. Reasonable attorney fees and costs of the action;

L.  Pre-judgment interest and post judgment interest;

M.  Such other relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Fed. R. Civ. P., Plaintiff Demands a trial by jury on all questions of fact raised by this Complaint.

Dated:   White Plains, New York
         December 5, 2016

EL-HAG & ASSOCIATES, P.C

_____
Jordan El-Hag, Esq.
777 Westchester Ave, Suite 101
White Plains, N.Y, 10604
(914) 755-1579 (p)
(914) 206-4176 (f)
Jordan@elhaglaw.com
www.elhaglaw.com